IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Flores, | ) | C/A No. 6:15-4273-GRA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States Attorney General, | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Eric Flores ("Plaintiff"), proceeding pro se, brings this civil action seeking, among other things, to challenge the constitutionality of the First Amendment. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

In the verbose sixty-three page Complaint, Plaintiff purports to bring this civil action as a class action on behalf of Mexican American citizens of the United States. [Doc. 1.] He contends, among many things, that Defendants have violated his constitutional rights to exercise freedom of religion and speech. [*Id.*] He also contends an organized group of federal employees used advanced technology with direct signals to outer space satellites to calculate a genetic code to cause heart and mental pain. [*Id.*] For his relief, Plaintiff requests this Court to order a federal grand jury to conduct an investigation and to refer this action to the Department of Justice to criminally prosecute the offenders. [*Id.*] He also requests an injunction to prohibit further unjustified governmental interference and a finding that his constitutional rights have been violated. [*Id.*]

This Court takes judicial notice that Plaintiff filed a previous, almost identical, lawsuit in this Court against the same Defendants.[1]  *Compare* Complaint, C/A No. 6:15-4273-GRA-JDA, ECF No. 1 at 1–63, *with* Complaint, C/A No. 6:15-1547-GRA-JDA, ECF No. 1 at 1–63; *see* Report and Recommendation, *Flores v. United States Attorney General, et al.*, C/A No. 6:15-1547-GRA-JDA (D.S.C. April 16, 2015), ECF No. 10, *adopted* ECF No. 16 (D.S.C. July 7, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  This Court dismissed that civil action as frivolous and without issuance and service of process, and it referred Plaintiff's attention to the Warning of Potential Future Sanctions contained in the Report and Recommendation.[2]  *See* Order, *Flores v. United States Attorney General, et al.*, C/A No. 6:15-1547-GRA-JDA (D.S.C. July 7, 2015), ECF No. 16.

And, Plaintiff filed a somewhat similar case in this Court prior to C/A No. 6:15-1547-GRA-JDA.  *See* Report and Recommendation, *Flores v. United States Attorney General, et al.*, C/A No. 6:13-167-GRA-JDA (D.S.C. March 25, 2013), ECF No. 9, *adopted* ECF No.

---

[1]This Court attempted to compare the two 63-page Complaints that Plaintiff filed in both C/A No. 6:15-4273-GRA-JDA and 6:15-1547-GRA-JDA.  They are virtually identical, except on one Complaint Plaintiff wrote Florence, South Carolina, and on the other Complaint he wrote South Carolina.  Also, in the conclusion paragraph of both Complaints, Plaintiff alleges that Defendants tortured to death Jorge Salas and Vincent E. McDaniel, and he added Javier Flores Junior on one Complaint.  And, in this case, Plaintiff added an attachment to the Complaint, entitled Judicial Notice related to "imminent danger such as death."

[2]It appears that Plaintiff may be homeless, and he did not receive a copy of the Order of Dismissal because the mail was returned to this Court as undeliverable.  *See id.* at ECF No. 19.

14 (D.S.C. April 25, 2013).  In that case, this Court had determined that Plaintiff had filed similar pleadings in several other federal district courts; it joined those district courts that had reviewed the substantially similar complaints and concluded the pleading was frivolous. *See id*.  This Court dismissed that action with prejudice as frivolous.[3]  *See* Order, *Flores v. United States Attorney General, et al.*, C/A No. 6:13-167-GRA-JDA (D.S.C. April 25, 2013), ECF No. 14.  Further, this Court warned Plaintiff "that the filing of any additional frivolous lawsuits may result in filing restrictions being placed upon him."  *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

---

[3]It appears from the docket that Plaintiff received a copy of the Report and Recommendation by United States mail, but he likely did not receive a copy of the Order because both attempts to mail Plaintiff a copy of the Order resulted in the mail being returned to the Court returned as undeliverable.  *Id.* at ECF No. 11, 16–19.

pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

This Court finds that the allegations in the Complaint are factually frivolous.[4] For example, Plaintiff's allegations that Defendants have used advanced technology with direct signals to outer space satellites to calculate a genetic code to cause heart and mental pain seem fantastic, fanciful, and delusional. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007); *Brock v. Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police

---

[4]For a list of other cases filed by Plaintiff which have been designated as frivolous, *see* Report and Recommendation, *Flores v. United States Attorney General, et al.*, C/A No. 6:13-167-GRA-JDA (D.S.C. March 25, 2013), ECF No. 9 at 3 n.1.

is not inherently fantastic or delusional).  And, this action is frivolous because it is almost identical to C/A No. 6:15-1547-GRA-JDA, which this Court already dismissed as frivolous. Therefore, this Court should dismiss this action based on frivolousness.

Additionally, because Plaintiff is not an attorney and is proceeding pro se, he lacks standing to bring this action on behalf of other individuals or as a class action.  *See Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a non-attorney parent may not litigate the claims of their minor children in federal court, even where Virginia law permits the parent to assert the children's claims);  *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *see, e.g., Capital Inv. Funding, LLC v. Field*, C/A No. 6:12- 401-MGL, 2013 WL 3155658, at *3 (June 20, 2013) ("[T]his court is not permitted to certify a class action where a pro se litigant will act as the representative of that class.")

Moreover, Plaintiff's requested relief for the Defendants and offenders to be prosecuted by the Department of Justice has no basis in law.  Plaintiff cannot have this Court prosecute criminal charges against Defendants or others as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).  Further, prosecutorial discretion does not reside in the judicial branch.  The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## MOTION TO TRANSFER

5

Plaintiff also filed a motion to transfer multidistrict litigation to the District of Columbia. [Doc. 4.] Because it is recommended to dismiss this action as frivolous, it is recommended that this Court should deny the motion to transfer.

**WARNING TO PLAINTIFF OF POSSIBLE FUTURE SANCTIONS**

The Western District of Texas, in 2010, imposed a pre-filing monetary sanction based on Plaintiff's vexatious history of frivolous actions in that court.  *See Flores v Wiles*, No. 3:10-00258-NJG (W.D.Tex. Aug. 9, 2010)(collecting cases, imposing monetary sanction). Plaintiff's vexatious filing expanded to many other district courts as well. *See Flores v. U.S. Attorney General*, No. 3:13-cv-00045-HEH, Document 2, * 2, n.1 (E.D. Va. January 29, 2013) (collecting cases); *see also* cases cited in footnote 1 of Report and Recommendation, *Flores v. United States Attorney General, et al.*, C/A No. 6:13-167-GRA-JDA (D.S.C. March 25, 2013), ECF No. 9 at 3.  Plaintiff's frivolous and vexatious filings also resulted in a pre-filing injunction issued by the United States Supreme Court, limiting Plaintiff's filings in that court to only criminal matters unless the filing fee is paid in the noncriminal matter and the petition conforms to the rules of the court.  *Flores v Holder*, No. 11-9316, 132 S.Ct. 2397 (May 14, 2012) (mem.).

Although Plaintiff has a history of frivolous lawsuits in the federal courts, this is the third case Plaintiff has filed in this District Court.  Nonetheless, given Plaintiff's extensive history of abuse of the court process, **Plaintiff is warned that any further frivolous filings in this Court may result in filing restrictions being placed upon him, requiring prior permission to file upon review of Plaintiff's motion to file and proposed**

6

**pleading. If Plaintiff persists in attempting to file frivolous pleadings, monetary sanctions also may be imposed**.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action as frivolous without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

November 5, 2015                           S/Jacquelyn D. Austin
Greenville, South Carolina              United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).